**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IGNACIO VELASQUEZ VELASQUEZ,<br><br>Petitioner,<br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:26-cv-05231-JLT-EPG<br><br>ORDER GRANTING PETITIONER'S MOTION TO ENFORCE JUDGEMENT; ORDER DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH A SUBSTANTIVE BOND HEARING WITH PROPER NOTICE<br><br>(Docs. 19, 20) |

On August 18, 2026, this Court entered judgment on Petitioner Ignacio Velasquez Velasquez's petition for a writ of habeas corpus. (Doc. 17.) The Court ordered Respondents to provide Petitioner with a constitutionally compliant bond hearing at which Respondents are to bear the burden of proof by clear and convincing evidence to show that Petitioner presents a flight risk or danger to the community by no later than September 1, 2026. (*Id*. at 4.) Moreover, the Court ordered Respondents to provide Petitioner with at least 72 hours' notice of the scheduled bond hearing. (*Id*.) On August 31, 2026, Petitioner appeared before an immigration judge for a bond hearing. (*See* Docs. 19, 20.) According to Petitioner, he did not receive the required 72-hour notice pursuant to this Court's order. (Doc. 20 at 2.) At the hearing, Petitioner informed the IJ that he had not received the required notice of the bond hearing. (*Id*. at 3.) The IJ permitted Petitioner to withdraw his request for a custody redetermination hearing without prejudice, so that he could seek counsel and gather evidence prior to having this hearing. (Doc. 22.) No individual bond

determination was made as to either flight risk or danger (*Id.*)

On September 3, 2026, Petitioner filed a motion to enforce, in which he argued, *inter alia*, Respondents violated this Court's order by not providing the requisite 72 hours' notice of the bond hearing. (Doc. 20 at 5.) On September 4, 2026, the Court ordered Respondents to provide (1) a complete transcript or audio recording of the hearing before the immigration judge, (2) any other materials related to the immigration judge's written order, and (3) any EOIR documents related to the scheduling and notice provided to Petitioner of the August 31, 2026 bond hearing. (Doc. 21.) On September 10, 2026, Respondents filed the IJ's written order with the Court. (Doc. 22.) Notably, Respondents did not provide the audio or transcript of the bond hearing, nor did they provide evidence disputing Petitioner's assertions that he did not receive proper notice. The Court interprets Respondents lack of compliance or further discussion of the notice issue as a concession that Petitioner was not provided proper notice of the bond hearing. Because Respondents failed to comply with this Court's prior order, the appropriate remedy in this case is to order Respondents to provide Petitioner with a new bond hearing with adequate notice. For the foregoing reasons, the Court **ORDERS:**

1. Petitioner's motion to enforce the Court's prior order (Doc. 20) is **GRANTED**.

2. Within **<u>14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **<u>At least 72 hours before</u>** the scheduled hearing, Respondents **SHALL** provide Petitioner with written notice of the bond hearing. Such written notice **SHALL** be

personally delivered to Petitioner absent exigent circumstances. Petitioner **SHALL** have the right to be represented by counsel at the hearing and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded. **At the bond hearing, the immigration judge SHALL make a factual finding on the record as to whether Petitioner received proper notice pursuant to this Court's order.**

5. Respondent **SHALL** file a notice of compliance with this Court's Order and, if a bond hearing was held, identify the outcome of the hearing.

6. The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

IT IS SO ORDERED.

Dated: November 17, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE